**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **KAREN MAIER** : | | **CIVIL ACTION** |
| 2564 1st Avenue : | | |
| Avalon, NJ 08202 : | | **NO.** |
| **Plaintiff** : | | |
| : | | |
| v. : | | **JURY TRIAL DEMANDED** |
| : | | |
| **MICHAELS STORES, INC.** : | | |
| c/o Corporation Service Company : | | |
| 251 Little Falls Drive : | | |
| Wilmington, DE 19808 : | | |
| **Defendant** : | | |

**CIVIL ACTION COMPLAINT**

**I.    PARTIES**

1. Plaintiff, Karen Maier, is an adult individual currently residing at 2564 1st Avenue, Avalon, New Jersey and is a citizen of the State of New Jersey.

2. Defendant, Michaels Stores, Inc., is a corporation or other business entity that has designated Corporation Service Company as its registered agent for service of process, which is located at 251 Little Falls Drive, Wilmington, Delaware. Defendant is incorporated in the State of Delaware and, thus, is a citizen of the State of Delaware.

**II.   JURISDICTION AND VENUE**

4. The Court has jurisdiction over this action under 28 U.S.C. Section 1332 because Plaintiff and Defendant is deemed citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Venue is proper in the United States District Court for the District of New Jersey, under 28 U.S.C. Section 1391, as Cape May County is the where the subject incident giving rise to this lawsuit occurred.

## III. FACTS

6. On or about January 15, 2021, Defendant, Michaels Stores, Inc., owned and operated a retail store located at 3201 Routh 9 South, Rio Grane, New Jersey.

7. On or about January 14, 2021, Plaintiff, Karen Maier, was a business invitee of Defendant's aforementioned retail store and was caused to trip, stumble, lose her balance, and fall due to the existence of an unsecured and/or uncovered stanchion fitting and/or screw that was dangerously protruding from the floor of the store causing severe and permanent injury to Plaintiff, as is set forth more fully at length below.

8. At all relevant times hereto, Defendant acted by and through his agents, work persons, employees and/or servants then and there acting within the course and scope of their authority, duties and/or employment for Defendant.

9. At all times relevant hereto, Defendant knew or should have known that the existence of the unsecured and/or uncovered stanchion fitting and/or screw created a dangerous condition and defect of the realty and posed a serious risk of harm to persons such as Plaintiff.

10. At all times relevant hereto, Plaintiff relied upon the fact that Defendant would maintain the property in a safe manner and Defendant's failure to maintain the property as aforesaid increased the risk of harm to Plaintiff.

11. This accident was caused solely from the negligence and carelessness of Defendant and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

## COUNT I - NEGLIGENCE
## KAREN MAIER v. MICHAELS STORES, INC.

12. Plaintiff, Karen Maier, hereby incorporates Paragraphs 1-11 as if same were set forth at length herein.

13. The aforesaid accident was caused by the negligence and carelessness of Defendant, acting as aforesaid, which negligence and carelessness consisted of the following:

(a) failing to establish a policy of inspection;
(b) failing to properly, completely and thoroughly inspect the property;
(c) failing to establish a policy of property maintenance;
(d) failing to maintain the property in a safe condition;
(e) failing to make timely and proper repairs upon said premises;
(f) failing to promptly and carefully post warning signs, install barricades and/or post notices to warn individuals of the existence of the defective condition;
(g) failing to provide verbal warnings to individuals on the property about the existence of the defective condition;
(h) allowing the said hazardous and defective condition to exist once created;
(i) failing to hire a contractor and/or repair person to fix the defective condition;
(j) otherwise acting in a manner that was negligent and careless at law and in fact all of which a reasonable person/entity would have known or in the exercise of reasonable care should have known caused an unreasonable risk of harm to business invitees such as Plaintiff herein;
(k) violating applicable ordinances and property maintenance codes for the Community of Rio Grande, the Township of Middle, the County of Cape May and the State of New Jersey as well as such other statutes and case law governing the maintenance of property; and
(l) such other acts of negligence and carelessness as may be adduced through discovery or at trial.

14. As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous system, including, but not limited to: L1 superior endplate fracture requiring kyphoplasty and T9-L4 fusion with L1 corpectomy and cage implant, disfiguring surgical scarring, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe

shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

15. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment and she will continue to suffer same for an indefinite period of time in the future.

16. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident, and will otherwise incur various expenditures for the injuries she has suffered.

17. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

18. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

19. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

**WHEREFORE**, Plaintiff, Karen Maier, demands judgment in her favor and against Defendant, Michaels Stores, Inc., in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs of suit.

                                  **SCHATZ, STEINBERG & KLAYMAN**

                                  By: Dana M. Klayman, Esquire
                                  16000 Commerce Parkway
                                  Suite B-1
                                  Mt. Laurel, NJ 08054
                                  Tel: (609)336-5600
                                  Email: dklayman@s2firm.com
                                  Attorney for Plaintiff

Dated: April 26, 2022